IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

NAPOLEAN SKINNER,            )
                             )
        Petitioner,           )
                             )
    v.                       )          1:07CV789
                             )
BUTCH JACKSON, Superintendent,)
Nash Correctional Institution,)
                             )
        Respondent.           )

## MEMORANDUM OPINION AND ORDER

**SHARP, Magistrate Judge**

Petitioner Napolean Skinner, a prisoner of the State of North Carolina, on May 19, 2005, in the Superior Court of Richmond County, was convicted after trial by jury of trafficking in cocaine by possession and trafficking in cocaine by transportation. He was sentenced by Judge Michael E. Beale to two consecutive terms of 70-84 months imprisonment. Petitioner appealed his convictions, but on July 5, 2006, the North Carolina Court of Appeals found no error. *State v. Skinner*, No. COA05-1239, 2006 WL 1823152 (N.C. App. July 5, 2006).

Petitioner Skinner dated a *pro se* Motion for Appropriate Relief ("MAR") on July 18, 2006, and filed it in the Superior Court of Richmond County. Judge Beale summarily denied the MAR on August 6, 2006. Petitioner then filed a *pro se* certiorari petition in the North Carolina Court of Appeals. Certiorari was denied on August 31, 2007.

Petitioner dated his *pro se* habeas corpus petition in the Court on October 5, 2007, and filed it in this Court on October 15, 2007. Respondent Jackson ("the State") responded to the petition and filed a motion for summary judgment. (Pleading No. 4.) Petitioner responded in opposition to the motion on November 30, 2007.

The Claims of the Petition

In his habeas petition, Petitioner Skinner contends that: (1) the State committed a *Brady* violation; (2) the trial court violated Rule 16; (3) the trial court failed to instruct the jury on a lesser-included offense; and (4) the State violated Petitioner's constitutional rights.

Statement of Facts

The North Carolina Court of Appeals summarized the facts from Petitioner's trial as follows:

> On 7 February 2005, defendant was indicted on charges of trafficking by possession of more than 200 grams but less than 400 grams of cocaine and of trafficking by transportation of more than 200 grams but less than 400 grams of cocaine. The State presented evidence at trial tending to show the following: Shortly after 9:00 p.m. on 15 January 2005, Deputy Mike Burns of the Richmond County Sheriff's Office began following a vehicle that was traveling at fifty-eight miles-per-hour in an area with a speed limit of fifty miles-per-hour. He followed the vehicle onto an exit lane, but he [was] unable to follow safely when the driver made a hard left back onto the highway. Deputy Burns radioed Deputy Warren Strong and requested he stop the vehicle.
>
> Deputy Strong located the vehicle and directed the driver to pull off of the road. As he began approaching the vehicle on foot, the car door opened and the passenger jumped out and ran from the vehicle. Deputy Strong pursued the passenger, who was later identified as defendant, as he was running across an open field. As they approached a wooded area, Deputy Strong saw defendant throw some type of flimsy plastic bag into the tree line. As defendant did so,

Deputy Strong saw two plastic bags containing a white substance fall to the ground. After apprehending defendant, Deputy Strong located and picked up two clear plastic bags, which contained a white substance he believed to be cocaine. He placed both bags into evidence. He did not recover the flimsy plastic bag which had contained those two bags. In the property report which was filled out on the night in question, Deputy Strong listed that he had seized 250.2 grams of cocaine from defendant. The cocaine had been weighed in its packaging.

Deputy Strong secured the evidence bag in his locker. During cross-examination, Deputy Strong testified there were other evidence bags in the locker, which contained off-white rock-like substances. After placing the two bags in an envelope, Deputy Strong took them to the State Bureau of Investigation (SBI) for chemical analysis on 25 January 2005. On the accompanying request for examination of physical evidence, Deputy Strong described item number one as a "clear plastic bag/off-white rock-like substance[.]" He listed item number two as "clear plastic bags," but the "s" was marked out. Deputy Strong testified that the "s" was a typographical error and item two was only one clear plastic bag. He reiterated that he sent a grand total of two clear plastic bags to the SBI.

A forensic drug chemist with the SBI. testified she analyzed the white substance in each of the two bags and determined that each contained cocaine hydrochloride. She removed the evidence from its packaging to weigh it and determined each bag contained 123.8 grams of cocaine hydrochloride. During cross-examination, the forensic chemist testified that her lab report described item one as "two plastic bags containing off-white solid material" and item two as "plastic bag containing off-white solid material." When asked about item one being two bags, the forensic chemist stated: "[i]t was one bag that actually contained the off-white solid material."

*State v. Skinner*, 2006 WL 1823152, at *1.

Discussion

Claim (1)

In Claim (1), Petitioner Skinner contends that the State committed a *Brady* violation in his case. In support of this allegation, Petitioner states in his petition that "[t]he Court

-3-

never again allowed the State to describe what was in [the] suspect['s] hand to the jury. See (Trial Trans, page 122, lines 20-21)." (Pleading No. 1, Petition at 6.). Petitioner argues that due process was violated because the prosecution suppressed exculpatory evidence that, if disclosed, could reasonably have altered the result of his trial.

Under *Brady v. Maryland*, 373 U.S. 83 (1963), suppression by the prosecution of evidence favorable to the defense violates due process where the evidence is material either to guilt or to punishment. *See also United States v. Agurs*, 427 U.S. 97 (1976). In the context of a habeas corpus proceeding, a petitioner, in order to obtain relief, must show that there is a reasonable probability that the result of trial would have been different if the suppressed evidence had been disclosed to the defense. *See Strickler v. Greene*, 527 U.S. 263 (1999).

The precise nature of Petitioner Skinner's *Brady* claim is not made altogether clear by either his petition or his response to the State's motion for summary judgment. In his petition, he relies upon a contention that "[t]he Court never again allowed the State to describe what was in [the] suspect['s] hand to the jury." He cites the trial transcript at page 122, lines 20-21. As the transcript shows, at that point in Petitioner's trial, the jury was viewing a videotape of defendant, the suspect, running from a police officer. Deputy Warren Strong had just testified that "you'll see something in his hand." (Trial Tr. at 122, line 16.) At that point, the trial judge stated, with the videotape running, "Okay. You can describe what you saw in a moment. Just describe what you . . ." The witness then continued with

-4-

his description of the chase. At that moment, defense counsel interrupted the testimony to ask that the tape be stopped while the deputy commented on what was happening because while the deputy was testifying there was also a conversation proceeding on the videotape. The Court agreed and directed that "[i]f the State has any questions they want you to answer, stop the video so that we can hear. The jury can't hear both things at one time." (*Id*. at 123.)

Nothing in these proceedings suggests a *Brady* violation of any kind. The trial court was simply managing the manner in which evidence came in – as between the videotape which contained conversation and the live testimony of a witness who was commenting on the events depicted by the videotape. The Court suppressed no evidence by this procedure and, more to the point, the prosecutor certainly suppressed no evidence in following the Court's directive.

In his response to the State's summary judgment motion, Petitioner Skinner attempts to explain his *Brady* claim somewhat. He states,

> The *Brady* violation that Petitioner is speaking about is not the bags of cocaine held in evidence, but the actual videotape. The videotape was running as Deputy Strong explained what was happening to the jury. The Court stop[ped] what would have been favorable evidence to the Defendant. "Okay. You can describe what you saw in a moment" concerning what was in his hand (defendant).

(Pleading No. 9, numbered p. 7.) Petitioner concludes that the jury was left "guessing as to what [was] actually going on in the videotape." *Id.*

The background to Petitioner's claim is that there were minor discrepancies in the evidence concerning the number of bags of cocaine involved in the case. Deputy Strong

-5-

testified that he saw a large flimsy bag in Petitioner's hand, which Petitioner threw away during the chase, resulting in two bags of cocaine falling out. The deputy seized the two bags (but apparently not the larger, third bag) and submitted these two to a laboratory for testing. Laboratory notes from the SBI showed a total of three bags tested for cocaine, although the technician testified in a somewhat unclear manner that there was one bag in item one of her report that contained cocaine and one bag in item two that contained cocaine. The technician did not clearly explain the discrepancy between her report, which identified 3 bags, and her testimony, which seemed to deal with only two bags. (Pleading No. 9, Ex. A; Trial Tr. at 100-112.) Deputy Strong testified that he seized two bags at the scene, but that the two bags, when first seen in the suspect's hand, were contained in "some other type plastic bag." (Trial Tr. at 76.) He later stated that he didn't recover the third bag – the one containing the others – and that in hindsight he should put that bag into evidence, too. (*Id.* at 81.)

In all this, Petitioner argues for a *Brady* violation, but that argument is without basis. If the third bag is deemed to be the "suppressed" evidence, there is simply no showing of how the evidence could have been favorable to Petitioner or how it could have created a reasonable probability of a different outcome at trial. Petitioner focuses on minor discrepancies in the evidence concerning the plastic bags, but these discrepancies are not *Brady* matters and, however resolved, are immaterial in light of the strength of the evidence against Petitioner. Petitioner's Claim (1) should be dismissed as without merit.

Claim (2)

For his second habeas claim, Petitioner contends that the trial court violated "Rule 16." His supporting statement in his petition reads, "[r]ule 16 violated by State's failure to disclose materials taken from defendant after arrest: irrelevant that prosecution intended to use material only during cross-examination." (Petition at 7.) Petitioner does not address Claim (2) in his summary judgment response. Apparently, Petitioner complains regarding the same facts and circumstances as are issue under Claim (1), but now bases his contention upon an alleged error of state law and procedure. Nonetheless, for reasons discussed under Claim (1), Petitioner Skinner has raised no colorable constitutional claim concerning non-disclosure of favorable evidence by the prosecution, and his citation to state law in Claim (2) adds nothing. Claim (2) should be dismissed.

Claim (3)

Petitioner's third habeas claim is that the trial judge failed to instruct the jury on a lesser-included offense. Such a claim in not cognizable in a habeas corpus proceeding in a non-capital case. *See Robinson v. North Carolina Attorney General*, No. 99-7530, 2000 WL 1793060 (4th Cir. Dec. 7, 2000); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988)(in non-capital case, failure to give a lesser-included offense instruction does not raise a federal constitutional claim). Claim (3) should be dismissed.

-7-

Case 1:07-cv-00789-PTS   Document 11   Filed 03/07/08   Page 7 of 9

Claim (4)

In Claim (4), Petitioner asserts that the State violated his constitutional rights. In his petition he contends that the State failed to disclose to him favorable evidence, that his trial and appellate counsel were ineffective, and that the evidence against him was insufficient to sustain a conviction. He presents no further argument or evidence on Claim (4) in his summary judgment response.

The issue of alleged non-disclosure of favorable evidence has been discussed under Claim (1), and Petitioner has shown no right to relief from his conviction on this ground. His Sixth Amendment claim of ineffective assistance of counsel is entirely undeveloped and conclusory. If he intends to argue that counsel were ineffective for not pursuing a *Brady* objection, the contention is clearly frivolous since Petitioner had no basis for a *Brady* objection. Judge Beale denied Petitioner's Sixth Amendment claim in his MAR Order. (Pleading No. 5, State's Supp. Br., Ex. 6.) That denial was clearly not an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d)(standard of review in habeas). Finally, Petitioner's contention regarding the insufficiency of the evidence is frivolous in view of the extensive evidence presented at trial, as summarized above in this Memorandum and Opinion. *See Wright v. West*, 505 U.S. 277 (1992)(standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt). Petitioner's Claim (4) should be dismissed as without merit.

Conclusion

For reasons set forth above, **IT IS ORDERED** that the State's summary judgment motion (Pleading No. 4) is **GRANTED** and that this action be dismissed with prejudice. A separate judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order.[1]

          /s/ P. Trevor Sharp
         United States Magistrate Judge

Date: March 7, 2008

---

[1] The parties have consented to the jurisdiction of the Magistrate Judge, and this matter has been referred to the undersigned for all proceedings. *See* 28 U.S.C. § 636(c).